■ Florence Iacovazzo et al., Appellants, v Muhammad M. Ahmad, Respondent. [810 NYS2d 519]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated November 16, 2004, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied their cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the plaintiffs' arguments, the defendant's evidence was sufficient to establish a prima facie case that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). In opposition, the plaintiffs submitted the affirmation of the injured plaintiff's treating physician who set forth the objective tests he used to quantify significant limitations in the range of motion of the injured plaintiff's cervical spine. The

plaintiffs also submitted the affirmation of the examining radiologist who confirmed, in his annexed report dated December 10, 2002, the presence of herniated discs at C3-4, C4-5, and C6-7. Moreover, the injured plaintiff's treating physician opined that the injuries to her cervical spine were caused by the accident and amounted to a significant limitation of use of her cervical spine. This evidence was sufficient to raise a triable issue of fact as to whether the injured plaintiff sustained a serious injury as a result of the subject accident.

The plaintiffs' remaining contention is without merit. Schmidt, J.P., Mastro, Spolzino and Lunn, JJ., concur.